IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

ALESHA T. FULLER,

                    Plaintiff,                    Civil Action No.
                                                  3:19-CV-0572 (GTS/DEP)

        v.

PATROLMAN JUSTIN DAVY,
*et al.*,
                    Defendants.

_____

APPEARANCES:                          OF COUNSEL:

FOR PLAINTIFF:

ALESHA T. FULLER, *Pro Se*
256-1/2 Main Street
Binghamton, NY 13905

FOR DEFENDANT:

NONE

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE


ORDER, REPORT, AND RECOMMENDATION

        This is a civil rights action brought by *pro se* plaintiff Alesha T. Fuller

against Johnson City, the Johnson City Police Department, and Justin

Davy, a police officer employed by that department, in which she asserts

claims pursuant to 42 U.S.C. § 1983. This is the second lawsuit filed by plaintiff precipitated by a traffic stop, which occurred on May 4, 2018.

Plaintiff's complaint and application for leave to proceed *in forma pauperis* ("IFP") have been forwarded to me for review. Based upon consideration of those materials, I will grant her motion to proceed without prepayment of fees and recommend that certain of her claims be dismissed, and that the action be consolidated with another suit that is currently pending before this court.

I.    BACKGROUND

On or about August 2, 2018, plaintiff commenced an action before this court in which she alleges that her civil rights were violated in connection with a May 4, 2018 traffic stop performed by Officer Davy. *See generally Fuller v. Johnson City Police Department et al*, No. 18-CV-0902 (N.D.N.Y. filed 08/02/2018) ("*Fuller I*"). Following my initial review of her complaint, District Judge Glenn T. Suddaby adopted my recommendation that her claims against the Johnson City Police Department, which were effectively claims against Johnson City, be dismissed with leave to replead. *Id.*, Dkt. Nos. 4, 5.  Plaintiff did not avail herself of that opportunity

2

and the deadline to file amended pleadings expired on April 5, 2019.[1] *Id.*,

Dkt. No. 20. The matter remains pending and discovery is currently

underway in the action. *See id.*, Dkt. Nos. 20, 21.

On or about May 14, 2019, plaintiff commenced the present action

("*Fuller II*") by the filing of a complaint, which was accompanied by a

motion for leave to proceed without prepayment of fees. Dkt. Nos.1-2. In

her complaint, which is short on details and was drafted on a form

intended for use in filing civil rights actions pursuant to 42 U.S.C. § 1983,

plaintiff alleges that she has been subjected to "non-stop" harassment and

retaliation by defendants as a result of her having filed *Fuller I*. Dkt. No. 1.

As relief, plaintiff seeks "future mental counseling, pain and suffering, [a]n

internal investigation of the Johnson City Police Department, mandatory

drug test of Officer Davy, punitive damages, [and] the right to relocate out

of Binghamton for [her] safety." *Id.* at 4

---

[1]     Although plaintiff did not opt to file an amended in that action, she did move for
reconsideration of the dismissal of the Johnson City Police Department. Dkt. No. 8. By
text order dated November 7, 2018, plaintiff's motion was denied both on procedural
grounds and on the merits. Dkt. No. 9.

II.    DISCUSSION

A.    Plaintiff's IFP Application

When a civil action is commenced in a federal district court, the

statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C.

§ 1914(a). A court is authorized, however, to permit a litigant to proceed *in*

*forma pauperis* if it determines that she is unable to pay the required filing

fee. 28 U.S.C. § 1915(a)(1).[2] In this instance, because I conclude that

plaintiff meets the requirements for IFP status, her application for leave to

proceed without prepayment of fees is granted.[3]

B.    Sufficiency of Plaintiff's Complaint

1.    Standard of Review

Because I have found that plaintiff meets the financial criteria for

commencing this case IFP, I must next consider the sufficiency of the

---

[2]    The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[3]    Plaintiff is reminded that, although her IFP application has been granted, she will still be required to pay fees that she incurs in this action, including copying and/or witness fees.

claims set forth in her complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See*, *e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks

5

an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

### 2.    Analysis of Plaintiff's Claims

In addressing the sufficiency of plaintiff's complaint, the court must construe her pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Having reviewed her complaint with this principle in mind, I conclude that plaintiff's allegations originate from the same event described in *Fuller I*, the May 4, 2018 traffic stop by Officer Davy. The interest of judicial jconomy militates in favor of consolidation of *Fuller I* and *Fuller II*. Accordingly, and without expressing an opinion as to whether plaintiff's claims can withstand a properly filed motion to dismiss or for summary judgment, I conclude that her complaint should be

6

accepted for filing as to Officer Davy and this matter should be consolidated with *Fuller I*.

Plaintiff's claims against Johnson City and the Johnson City Police Department, however, as stated in her complaint, are legally deficient. Plaintiff's complaint fails to allege a proper basis for finding liability on the part of either the Johnson City or the Johnson City Police Department.[4] A municipal entity may be held accountable for a constitutional violation that has occurred pursuant to "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the municipality's] officers . . . [or] pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690-91 (1978). Municipal liability can be established in several ways, including through "proof of an officially adopted rule or widespread, informal custom[] [demonstrating] 'a deliberate government policy or failing to train or supervise its officers.'" *Bruker v. City of N.Y.* 337 F. Supp. 2d

---

[4]     Moreover, the Johnson City Police Department is not an agency amenable to suit. "Under New York law, a department of a municipal entity is merely a subdivision of the municipality and has no separate legal existence. Therefore, municipal departments . . . are not amenable to suit and no claims lie directly against [a municipal] d]epartment." *Hoisington v. Cnty. of Sullivan*, 55 F. Supp. 2d 212, 214 (S.D.N.Y. 1999) (citations omitted).

539, 556 (S.D.N.Y. 2004) (quoting *Anthony v. City of N.Y.*, 339 F.3d 129, 140 (2d Cir. 2003)). A plaintiff may also show that the allegedly unconstitutional action was "taken or caused by an official whose actions represent an official policy," *Jeffes v. Barnes,* 208 F.3d 49, 57 (2d Cir. 2000), or when municipal officers have acquiesced in or condoned a known policy, custom, or practice that violates federal law. *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 126 (2d Cir. 2004); *see also Reynolds v. Giuliani*, 506 F.3d 183, 192 (2d Cir. 2007) ("*Monell*'s policy or custom requirement is satisfied where a local government is faced with a pattern of misconduct and does nothing, compelling the conclusion that the local government has acquiesced in or tacitly authorized its subordinates' unlawful actions."). A municipality's failure to act "satisfies the policy or custom requirement only where the need to act is so obvious, and the inadequacy of current practices [is] so likely to result in a deprivation of federal rights[] that the municipality . . . can be found deliberately indifferent to the need." *Reynolds,* 506 F.3d at 192 (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 (1989)). Assuming a plaintiff can prove that a municipality has acquiesced to a pattern of conduct that may result in a violation of federal law, "for liability to attach . . .[,] the identified deficiency . . . must be closely related to the ultimate injury." *City of*

8

*Canton*, 489 U.S. 391; *accord, Amnesty Am.*, 361 F.3d at 130 ("*City of Canton* requires that plaintiffs establish not only that the officials' purported failure to train occurred under circumstances that could constitute deliberate indifference, but also that plaintiffs identify a specific deficiency in the city's training program and establish that . . . it actually caused the constitutional deprivation." (quotation marks omitted)).

Beyond "an unadorned, the-defendant-unlawfully-harmed-me accusation," *see Iqbal*, 556 U.S. at 678, plaintiff's complaint contains no factual allegations to support a plausible *Monell* claim against the Johnson City Police Department or Johnson City. Accordingly, I recommend that plaintiff's claims against those entities be dismissed.

III.    <u>SUMMARY, RECOMMENDATION, AND ORDER</u>

Having reviewed plaintiff's IFP application, I find that she meets the requirements for IFP status, and therefore will grant her motion for leave to proceed without prepayment of fees. Turning to the merits of plaintiff's complaint, I recommend that plaintiff's claims against Johnson City and the Johnson City Police Department be dismissed. I further recommend that this action be consolidated with *Fuller I* because plaintiff's factual allegations are based upon the filing of that suit and involves the same, defendant, Officer Davy. Based upon the foregoing, it is hereby

ORDERED that plaintiff's motion for leave to proceed IFP (Dkt. No. 2) be GRANTED; and it is further respectfully

RECOMMENDED that plaintiff's claims against the defendants Johnson City and the Johnson City Police Department be DISMISSED, and it is further

RECOMMENDED that this action be consolidated with *Fuller v. Johnson City Police Department et al*, No. 18-CV-0902 (N.D.N.Y. filed 08/02/2018), with that case being designated as the lead case, and all future filings to be made in the lead case only.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[5] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

---

[5]      If you are proceeding *pro se* and are served with this order, report, and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order, report, and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

It is hereby respectfully ORDERED that the clerk of the court shall file a copy of this order, report, and recommendation on the docket of each of the above cases, and serve a copy upon the parties in accordance with this court's local rules.

David E. Peebles
U.S. Magistrate Judge


Dated:        May 20, 2019
              Syracuse, New York