UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ALESHA T. FULLER,

                        Plaintiff,
                                                          3:19-CV-0572
v.                                                         (GTS/ML)

PATROLMAN JUSTIN DAVY; JOHNSON CITY;
and JOHNSON CITY POLICE DEP'T,

                        Defendants.
_____

APPEARANCES:

ALESHA T. FULLER
  Plaintiff, *Pro Se*
256 ½ Main Street
Binghamton, New York 13905

GLENN T. SUDDABY, Chief United States District Judge

**<u>DECISION and ORDER</u>**

      Currently before the Court, in this *pro se* civil rights action filed by Alesha T. Fuller Pendell ("Plaintiff") against Patrolman Justin Davy, Johnson City and the Johnson City Police Department ("Defendants") claiming civil rights violations arising from a traffic stop, is Chief United States Magistrate Judge David E. Peebles' Report-Recommendation recommending that Plaintiff's claims against Johnson City and the Johnson City Police Department be dismissed and that this action's remaining claims (i.e., its claims against Defendant Davy) be consolidated with Plaintiff's previously filed action, *Fuller v. Johnson City Police Dep't*, 18-CV-0902 (N.D.N.Y. filed Aug. 2, 2018). (Dkt. No. 4.) Plaintiff has not filed an objection to the Report-Recommendation, and the deadline by which to do so has expired. (*See generally* Docket Sheet.)

After carefully reviewing the relevant papers herein, including Magistrate Judge Peebles'
thorough Report-Recommendation, the Court can find no clear-error in the Report-
Recommendation.[1] Magistrate Judge Peebles employed the proper standards, accurately recited
the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation
is accepted and adopted in its entirety for the reasons set forth therein, Plaintiff's claims against
Johnson City and the Johnson City Police Department are dismissed and that this action's
remaining claims (i.e., its claims against Defendant Davy) are consolidated with Plaintiff's
previously filed action, *Fuller v. Johnson City Police Dep't*, 18-CV-0902 (N.D.N.Y. filed Aug.
2, 2018).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 4) is
**ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's claims against Johnson City and the Johnson City Police
Department are **DISMISSED**; and it is further

**ORDERED** that this action's remaining claims (i.e., its claims against Defendant Davy)
are consolidated with Plaintiff's previously filed action, *Fuller v. Johnson City Police Dep't*, 18-
CV-0902 (N.D.N.Y. filed Aug. 2, 2018), and that previously filed action be designated as the

---

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

lead case and all future filings are to be in that lead case only.

Dated: July 24, 2019
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge